UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re*: Request for Judicial Assistance from the Freiburg im Breisgau Court in Germany in the matter of ALEJANDRO ARRIOLA FOWLKER | )<br>)<br>)<br>) | No. 22 C 5285<br><br>Judge |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)**

**Introduction**

The United States has filed an *ex parte* Application for Order[1] pursuant to 28 U.S.C. § 1782(a) to execute a Letter of Request for Mutual Legal Assistance from the Freiburg im Breisgau local court ("German Court") in Freiburg in Breisgau, Germany for international judicial assistance to obtain a DNA sample from Michael Pokorny. Specifically, the German Court has issued a request seeking judicial assistance to obtain a DNA sample for use in the case captioned In the Matter of Arriola Fowlker, Alejandro, Regarding Parent-Child Relationship, Determining Existence, foreign reference number 44 F 2688/20. See Declaration of Assistant United States Attorney Kate Lambert, Exhibit A (request dated November 22, 2021).

**Background**

The facts of this case, as stated in the request, indicate that this is a civil proceeding in which the German Court is adjudicating the paternity of the identified child, who is above 18 years old. The German Court has requested that the materials included with its request—an

[1] Local Rule 26.4 provides that when a request pursuant to 28 U.S.C. § 1782 is sought by a letter rogatory or request made by a foreign or international tribunal, the request may be made *ex parte*. *See also Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3).").

identification form ("Identification Sheet for DNA typing") and declaration of consent provided by the German laboratory (Ex. A, Ex. 1 (letter for request and accompanying documents))—be completed and that the following evidence be procured from Michael Pokorny: two buccal (*i.e.*, saliva) swab samples; copies of identification documents, such as a passport or driver's license; a current photograph of his face; and a left thumb print (Ex. A, Ex. 1 at ¶ II.8).

The German Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("DOJ OIJA") in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 (hereinafter HCCH 1970 Evidence Convention).

The request was then transmitted to the U.S. Attorney's Office for the Northern District of Illinois for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this court. 28 U.S.C. § 1782.

After receiving the request from DOJ OIJA, AUSA Kate Lambert called an attorney in early July 2022 who previously contacted the DOJ OIJA on Pokorny's behalf after Pokorny received a letter from that office regarding this matter. The attorney clarified that Pokorny had not yet retained him as counsel but was in the process of making his decision. AUSA Lambert had several follow up calls and emails with that attorney through early September 2022, to explain the possibility of arranging the DNA testing voluntarily. In those communications, the attorney clarified that Pokorny had still not yet hired him; that Pokorny was still in the process of deciding to retain counsel and deciding whether or not to voluntarily comply; and that he was authorized by Pokorny to communicate with AUSA Lambert on Pokorny's behalf. The attorney informed AUSA Lambert on Thursday, September 8, 2022, that Pokorny decided not to retain him but planned to

retain other counsel the following week and communicated that Pokorny asked whether or not AUSA Lambert would give him until the following Friday to contact AUSA Lambert or have his retained counsel do so. On September 13, 2022, the attorney indicated that Pokorny planned to meet with his retained counsel on September 14, 2022, and that Pokorny would report to the attorney (the non-retained attorney), who would get back to AUSA Lambert.

Anthony Joseph, who was in touch with the first attorney, reached out as the retained counsel of Mr. Pokorny on September 15, 2022. AUSA Lambert informed Joseph of the communications with the first attorney and that she had provided Pokorny with sufficient time to consider whether or not he would voluntarily comply. Pokorny's counsel requested one final extension until September 19, 2022, that AUSA Lambert agreed to, for Pokorny to consider whether or not to voluntarily comply with the German court's request, but he never ultimately contacted AUSA Lambert on that date. AUSA Lambert communicated with Joseph on September 21, 2022, to confirm that Pokorny resides in Barrington, Illinois, and was informed that Pokorny did not wish to voluntarily comply with the German Court request.

## Argument

### I. The HCCH 1970 Evidence Convention

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention preamble. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the

United States and Germany. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited September 20, 2022) (The HCCH 1970 Evidence Convention entered into force in Germany on June 27, 1979).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas,* 552 U.S. 491, 510 (2008)); *Bishop v. Reno,* 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000)).

## II. Statutory Considerations Weigh in Favor of Granting the United States' Application

The authority for this court to assist foreign tribunals in obtaining documents is contained

in 28 U.S.C. § 1782, which states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Société Nationale Industrielle Aérospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed assistant United

States attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts is response to an international request. *See, e.g., In re Letter of Request from the District of Rhein-Necker-Kreis, Amtsgericht Sinsheim, Germany; Matter of Curtiss Joseph Hika*, 2010 WL 1655823, at *2 (S.D. Fla. Apr. 23, 2010) (appointing an assistant United States attorney as commissioner to obtain DNA sample for paternity proceeding in Germant); *In re Patricio Clerici*, 481 F.3d 1324, 1329-30 (11th Cir. 2007) (referencing to appointment of assistant United States attorney to obtain evidence requested by foreign court); *In re Letter Rogatory from the Nedenes District Court, Norway*, 216 F.R.D. 277, 278 (S.D.N.Y. 2003) (referring to court's grant of *ex parte* order appointing assistant United States attorney as a commissioner to obtain a blood sample in connection with a paternity proceeding in Norway).

This court is authorized to provide assistance to the German Court if the three requirements set forth in § 1782 are met. Those requirements are: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 525 (E.D. Va. 2010) (hereinafter *In re Svitavy Court*) (quoting *In re Microsoft Corp*., 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006)). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Michael Pokorny "resides or is found in" the Northern District of Illinois. The AUSA confirmed with his counsel

that Michael Pokorny resides in Barrington, Illinois.[2] Ex. A. Second, the request explains that the DNA sample and other information sought is "for use in a proceeding before a foreign tribunal," i.e., a paternity suit before the German Court. *Id*. Third, the request itself also reflects that it "is made by a foreign or international tribunal." *Id*. Thus, all of the statutory requirements for honoring the request for judicial assistance are satisfied.

## III. Discretionary Considerations Weigh in Favor of Granting the United States' Application

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel Corp*., 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for district courts to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*In re Svitavy Court*, 748 F. Supp. 2d at 525 (citing *Intel Corp*., 542 U.S. at 264). "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir.

[2] Note that the address provided by the German Court is a business address associated with Pokorny.

1992)).  *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity.").  Here again, each of these discretionary factors weighs in favor of assisting the German Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court."  *In re Svitavy Court*, 748 F. Supp. 2d at 526.  *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").  In other words, it is of no matter that Michael Pokorny is a party to the proceedings before the German Court; his residence in the United States counsels in favor of assisting the German Court with obtaining the requested evidence because he is not subject to the German Court's jurisdiction.  Thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the request to suggest that this court should decline to grant the application based on the nature of the German Court or the character of the proceedings.  Additionally, this request was initiated by the German Court and not by an independent party; therefore, the German Court is clearly receptive to the assistance of this court and the second factor weighs in favor of granting the motion.  *See In re Svitavy Court*, 748 F. Supp. 2d at 527 (granting a Section 1782 application in response to a request for a DNA sample sent from a Czech court).  *See also In re Amtsgericht Ingolstadt*, 82 F.3d at 591 (affirming district court's order directing putative father to provide a blood sample for use in a paternity suit pending in Germany).

With respect to the third factor, because the requester is the German Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent German discovery rules or to thwart policies of either the United States or Germany. *See In re Svitavy Court*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the German Court's request for judicial assistance.

And with respect to the fourth factor, the submission to a buccal swab and providing other supporting information would not be unduly intrusive or burdensome. "This is a simple request for the production of evidence that is routinely provided in support of paternity actions abroad . . . ." *Id*. In fact, "provid[ing] a DNA sample by buccal swab is a method substantially less invasive than the oft-approved production of a blood sample." *Id*. Accordingly, courts across the United States have consistently granted foreign judicial requests for blood samples or buccal swabs in paternity cases like the one here. *See, e.g., In re Letter Rogatory from Local Court of Ludwigsburg*, 154 F.R.D. 196, 202 (N.D. Ill. 1994) (ordering blood sample to be taken for paternity test related to paternity proceeding in Germany); *In re Letter of Request from Local Court of Pforzheim*, 130 F.R.D. 363, 366 (W.D. Mich. 1989) ("[T]he requirement of providing a blood sample in a paternity action is a routine one."); *In re Amtsgericht Ingolstadt*, 82 F.3d 590; *In re Nedenes*, 216 F.R.D. 277; *In re Letter of Request from Boras District Court*, 153 F.R.D. 31 (E.D.N.Y. 1994);

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the German Court.

**Conclusion**

For the foregoing reasons, the United States requests that this court grant its Application for an Order pursuant to 28 U.S.C. § 1782(a): (1) appointing Kate Lambert, assistant United States

attorney, commissioner and authorizing her to take the actions necessary, including the issuance of a subpoena, to secure evidence from Michael Pokorny for use in a paternity proceeding before the German Court in Freiburg im Breisgau; (2) authorizing Kate Lambert as responsible for serving Michael Pokorny; and (3) authorizing the U.S. Marshals Service as the entity responsible for obtaining the DNA sample and other identification requirements from Michael Pokorny.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kate Lambert
 KATE LAMBERT
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 886-7635
 kate.lambert@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re*: Request for Judicial Assistance from the Freiburg im Breisgau Court in Germany in the matter of ALEJANDRO ARRIOLA FOWLKER | ) ) ) ) | No. 22 C 5285 Judge |

**DECLARATION OF ASSISTANT UNITED STATES ATTORNEY KATE LAMBERT**

I, Kate Lambert, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an assistant United States attorney in the office of the United States Attorney for the Northern District of Illinois, John Lausch, Jr. I make this declaration upon information and belief based upon the attached exhibits and communications with personnel in the United States Department of Justice, to which a Letter of Request for Mutual Legal Assistance has been transmitted for execution. I further make this declaration in support of the United States' request, pursuant to 28 U.S.C. § 1782(a), for an order appointing me as commissioner for the purpose of obtaining a DNA sample and certain other identifying documents and information from Michael Pokorny.[1]

---

[1] Section 1782(a) provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and my direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or

2.      In connection with a foreign judicial proceeding in the Freiburg im Breisgau Local Court in Germany ("German Court"), captioned In the Matter of Arriola Fowlker, Alejandro, Regarding Parent-Child Relationship, Determining Existence, foreign reference number 44 F 2688/20, the German court issued a Request for Mutual Legal Assistance on November 22, 2021, seeking evidence from Michael Pokorny.  A true and correct copy of the Letter of Request for Mutual Legal Assistance is attached as Exhibit 1.

3.      Counsel for Michael Pokorny confirmed on September 21, 2022, that Michael Pokorny resides in Barrington, Illinois.

4.      The specific information requested by the German Court is reflected in a proposed subpoena addressed to Michael Pokorny, which the United States intends to serve (in substantially similar format) upon my appointment as commissioner.  A copy of the proposed subpoena is attached as Exhibit 2.

5.      In order to assist the German Court in obtaining the requested DNA sample and certain other identifying documents and information, I respectfully request that this court enter the proposed order attached to the application appointing me as commissioner.

6.      No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2022

s/ Kate Lambert
KATE LAMBERT
Assistant United States Attorney

---

producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

# Exhibit 1

To Exhibit A

Certified translation from German into English

# Freiburg im Breisgau Local Court
FAMILY COURT

Freiburg im Breisgau Local Court, Holzmarkt 2, 79098 Freiburg

U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
Benjamin Franklin Station
P.O. Box 14360
WASHINGTON, D.C. 20044
USA

Date: 11/22/2021
Ext.: 0761 205-0
File reference number.: 44 F 2688/20
(Please quote in any response)

In the matter of
Arriola Fowlker, Alejandro
Regarding parent-child relationship, determining existence

Dear Ladies and Gentlemen,

Please find enclosed a request for mutual legal assistance under the Hague Evidence Convention of March 18, 1970 and two saliva sample collection kits, with a request for handling this.

Yours sincerely

<signature>
Splittgerber
Judge at the Local Court

Information on the protection of personal data when processed by the judiciary pursuant to Article 13 and Article 14 of the European Data Protection Regulation can be found on the court's website under the menu item "Service" / "Information, on data protection in the judiciary". If requested, we will also send this information to parties to the proceedings on paper.

Holzmarkt 2, 79098 Freiburg im Breisgau Tram stop Holzmarkt
Telefon 0761 205-0 Telefax 0761 205-1800 E-Mail poststelle@agfreiburg.justiz.bwl.de Internet www.Amtsgericht-Freiburg.de

---

I hereby certify this to be a true and correct translation from German into English to the best of my knowledge and belief. Heidelberg (Germany), January 24, 2022

Sworn translator

Postfach 12 01 67
69085 Heidelberg

Certified translation from German into English

**Request for mutual assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of November 15, 1965 (Hague Convention).**

I

1 Sender:

**Freiburg im Breisgau Local Court, Holzmarkt 2. 79098 Freiburg, Germany**

2 Central authority of the State the request is being made to:
**U.S. Department of Justice**
**Civil Division**
**Office of International Judicial Assistance**
**Benjamin Franklin Station**
**P.O. Box 14360**
**Washington, D.C. 20044**
**USA**

3 Person to whom the completion files are to be returned:
Freiburg im Breisgau Local Court
Holzmarkt 2
79098 Freiburg
Germany
(File reference number: 44 F 2688/20)

II

4 The requesting authority has the honour, in accordance with Article 3 of the Convention, to make the following request:

5 a Requesting judicial authority:
**Freiburg i. Br. Local Court, Holzmarkt 2, 79098 Freiburg Germany**

b To the responsible authority
U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
Benjamin Franklin Station
P.O. Box 14360
Washington, D.C. 20044
USA

6 Names and addresses of the parties and their representatives:

a Applicant:

Alejandro Marcelo **Arriola Fowlker**, born on birthday/2003, represented by the guardian City of Freiburg im Breisgau, Office for Children, Youth, and Family, Europaplatz 1, 79098 Freiburg, file reference number:: 7310.709225

b Mother:

Jacqueline Patricia **Arriola Fowlker**, born on birthday 1975
address Freiburg

c.  Father to be determined:
Michael **Pokorny**, 432 East State Parkway, Suite 129
All Industrial Electric Inc., 60173 Schaumburg/Illinois, USA

Date of birth and social insurance number are not known,
Age today approx. 70 years old

7    Nature and subject matter of the case and concise presentation of the facts:

Paternity proceedings.
The child Alejandro Marcelo Arriola Fowlker states that the party Michael Pokorny is his father.
The mother and the party Pokorny had sexual intercourse with each other during the legal period of conception in Costa Rica.

8    Taking of evidence or other judicial action to be taken:

A saliva sample to be taken from the party Michael Porkorny by an expert.

His identity to be documented by taking a photograph of his face, taking a fingerprint of his left thumb and making a copy of his passport or other suitable identification document.

III

9    Name and address of the persons to be questioned.
Michael **Pokorny**, 432 East State Parkway, Suite 129
All Industrial Electric Inc., 60173 Schaumburg/Illinois, USA

Two sampling sets with application notes are included.

10   Questions to be addressed to the persons to be questioned or the facts about which they are to be questioned:

11   Certificates or other items which need to be verified:

12   Request to conduct the examination under oath or affirmation and, if applicable, the formula to be used for this purpose:

13   Request to adhere to a special form according to Art. 9:

14   Requested notification of time and place of execution of the request, names and addresses of persons to be notified (Art. 7):

15   Request for the requesting authority to be present at the execution of the request (Art. 8):

16   Note that the law of the requesting state provides for a right to refuse to give evidence or a prohibition on giving evidence (Art. 11 lit. b):

17   Fees and expenses for which reimbursement may be claimed pursuant to Art. 14 (2) and Art. 26 shall be paid by:
**Freiburg im Breisgau Local Court (file reference number: 44 F 2688/20)**

IV

18 Date of request:
**Freiburg, November 22, 2021**

19 Signature and stamp of requesting authority
<signature>
**Splittgerber**
**Judge at the Local Court**

---

I hereby certify this to be a true and correct translation from German into English to the best of my knowledge and belief. Heidelberg (Germany), January 24, 2022

Sworn translator

Certified translation from German into English

# Freiburg im Breisgau Local Court
FAMILY COURT

Freiburg im Breisgau Local Court, Holzmarkt 2, 79098 Freiburg

Mr
Michael Pokorny
432 East State Parkway, Suite 129, All Industrial Electric Inc.
60173 SCHAUMBURG/ILLINOIS
USA- UNITED STATES

Date: 12/14/2021
Ext.: 0761 205-0
File reference number: 44 F 2688/20
(Please quote in any response)

In the family law case
Arriola Fowlker, Alejandro
Regarding parent-child relationship, determining existence

Dear Mr Pokorny,

Enclosed you will find a certified copy of the court order dated 11/22/2021 with attachment.

Yours sincerely

By order

<signature>
Ebe
Senior Court Official

Information on the protection of personal data when processed by the judiciary pursuant to Article 13 and Article 14 of the European Data Protection Regulation can be found on the court's website under the menu item "Service" / "Information, on data protection in the judiciary". If requested, we will also send this information to parties to the proceedings on paper.

Holzmarkt 2, 79098 Freiburg im Breisgau Tram stop Holzmarkt
Telefon 0761 205-0 Telefax 0761 205-1800 E-Mail poststelle@agfreiburg.justiz.bwl.de Internet www.Amtsgericht-Freiburg.de

Certified copy

File reference number:
44 F 2688/20

# Freiburg im Breisgau Local Court
FAMILY COURT

# Order to take evidence

In the family law case

Alejandro Marcelo **Arriola Fowlker**, born on [redacted]/2003,
represented by the guardian City of Freiburg im Breisgau
Office for Children, Youth, and Family, Europaplatz 1, 79098 Freiburg, file reference number.: 7310.709225
- Applicant -

Mother:
Jacqueline Patricia **Arriola Fowlker**, born on [redacted]1975
[redacted] Freiburg

Father to be determined:
Michael **Pokorny**, 432 East State Parkway, Suite 129, All Industrial Electric Inc.
60173 Schaumburg/Illinois, USA

regarding determination of the existence of the parent-child relationship

On11/22/2021, the Freiburg im Breisgau Local Court determined through the Judge at Local Court Splittgerber:

1. The applicant child states that the party Michael Pokorny is his father.

2. The mother and the party Pokorny had sexual intercourse with each other during the legal period of conception from 02/08/2003 to 06/07/2003. At the time the mother was living and working in Costa Rica, the party Pokorny was on vacation in Costa Rica at that time.

   The mother initially assumed that a different man was the father. However, as the child grew older, he had shown a great similarity in appearance to the appearance of the party Pokorny. The party Pokorny was contacted by the mother by phone and email in 2019. He had expressed an interest in knowing whether he was the father of the applicant child. He also remembered the mother. She sent him a photo of the applicant child.

   The child and the mother do not know the date of birth or social security number of the party Pokorny. His estimated age today is approx. 70 years old.

3. Evidence shall be taken on the claim of descent of the child from the party Pokorny by obtaining a written genetic parentage report.

4. To be included in the investigation:

- the child Alejandro Marcelo Arriola Fowlker

- the mother Jacqueline Patricia Arriola Fowlker

- the party Michael Pokorny

5. Appointed as expert witness:

Prof. Dr. Annette Thierauf-Emberger
Institute of Forensic Medicine
Albertstr. 9, 79104 Freiburg, Germany
Tel.: +49 761 203 6829
Fax:+49 761 203 6858
irm.dna@uniklinik-freiburg.de

6. The parties involved are ordered to have a saliva sample taken for the purpose of the assessment.

The sample collection from the party Pokorny shall be carried out by a competent person at the place of residence of the participant Pokorny who has been called in by way of international legal assistance. The participants are ordered to identify themselves with a valid photo ID (passport, ID card) on the occasion of taking the saliva sample and to allow the documentation of their identity by taking a photo of their face, by taking a fingerprint of the left thumb and by making a copy of their ID document.

7. The parties involved are informed that each person must tolerate examinations, in particular having blood or saliva samples taken, insofar as this is necessary to establish parentage, unless the examination cannot reasonably be expected of him or her (Section 178 of FamFG (German Law on the Proceedings in Cases Involving Families and Cases of Voluntary Jurisdiction).

In the event of groundless refusal, the costs incurred by the party concerned as a result of their refusal shall be imposed on them, and at the same time an administrative fine shall be imposed on them and, in the event that this cannot be recovered, they shall be imprisoned. Furthermore, in the event of repeated unjustified refusal to allow the examination, compulsory presentation for examination may be ordered.

8. The court already now points out the following:

DNA analyses are suitable for identifying the parentage of a child (guidelines from the Robert-Koch-Institute in the magazine for overall family law, (FamRZ) 2002, 1159 and FamRZ 2003, 81).

If the man claimed to be the illegitimate father unjustifiably refuses to take the sample for the purpose of the assessment and if, due to his being abroad, the compulsory provision of the sample is not feasible, he may, after unsuccessful instruction and setting of a time limit, be treated as if the assessment had taken place and had not given rise to serious doubts as to his paternity (Federal High Court, judgement dated 10.02.1993, XII ZR 241/91, FamRZ 1993, 691; Federal High Court, judgement dated 09.04.1986, IVb Civil law ZR 27/85, FamRZ 1986, 663).

Splittgerber
Judge at the Local Court

Certified
Freiburg im Breisgau, 2021-12-14

Ebe
Registrar of the Court Registry
Certified by machine processing
- valid without a signature

BADEN- WÜRTTEMBERG
Local Court

---

I hereby certify this to be a true and correct translation from German into English to the best of my knowledge and belief. Heidelberg (Germany), January 24, 2022

Sworn translator



# Amtsgericht Freiburg im Breisgau
FAMILIENGERICHT

Amtsgericht Freiburg im Breisgau, Holzmarkt 2, 79098 Freiburg

Datum: 22.11.2021
Durchwahl: 0761 205-0
Aktenzeichen: **44 F 2688/20**
(Bitte bei Antwort angeben)

U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
Benjamin Franklin Station
P.O. Box 14360
WASHINGTON, D.C. 20044
USA

In Sachen
Arriola Fowlker, Alejandro
wg. Eltern-Kind-Verhältnis, Feststellung Bestehen

Sehr geehrte Damen und Herren,

in der Anlage erhalten Sie ein Rechtshilfeersuchen nach dem Haager Beweisaufnahmeübereinkommen vom 18. März 1970 sowie zwei Entnahmeset für eine Speichelprobe mit der Bitte um Erledigung.

Mit freundlichen Grüßen

Splittgerber
Richter am Amtsgericht

AMTSGERICHT FREIBURG I. BR.

Informationen zum Schutz personenbezogener Daten bei deren Verarbeitung durch die Justiz nach Artikel 13 und Artikel 14 der Europäischen Datenschutz-Grundverordnung finden sich auf der Internetseite des Gerichts unter dem Menüpunkt „Service" / „Informationen zum Datenschutz in der Justiz". Auf Wunsch übersenden wir diese Informationen auch an Verfahrensbeteiligte in Papierform.

Holzmarkt 2, 79098 Freiburg im Breisgau Straßenbahnhaltestelle Holzmarkt
Telefon 0761 205-0 Telefax 0761 205-1800 E-Mail poststelle@agfreiburg.justiz.bwl.de Internet www.Amtsgericht-Freiburg.de

**Rechtshilfeersuchens gemäss Haager Übereinkommen über die Beweisaufnahme im Ausland in Zivil- oder Handelssachen vom 15. November 1965 (HBÜ)**

I

1 Absender :

**Amtsgericht Freiburg im Breisgau, Holzmarkt 2. 79098 Freiburg, Deutschland**

2 Zentralbehörde des ersuchten Staates:

**U.S. Department of Justice**
**Civil Division**
**Office of International Judicial Assistance**
**Benjamin Franklin Station**
**P.O. Box 14360**
**Washington, D.C. 20044**
**USA**

3 Person an welche die Erledigungsakten zurückgesandt werden sollen:

Amtsgericht Freiburg im Breisgau
Holzmarkt 2
79098 Freiburg
Deutschland
(Geschäftsnummer: 44 F 2688/20)

**II**

4 Die ersuchende Stelle beehrt sich nach Art. 3 des Übereinkommens das folgende Ersuchen zu stellen:

5 a Ersuchende Justizbehörde:
**Amtsgericht Freiburg i. Br., Holzmarkt 2, 79098 Freiburg, Deutschland**

b An die zuständige Behörde

**U.S. Department of Justice**
**Civil Division**
**Office of International Judicial Assistance**
**Benjamin Franklin Station**
**P.O. Box 14360**
**Washington, D.C. 20044**
**USA**

6 Namen und Adressen der Parteien und ihrer Vertreter:

a Antragsteller:

Alejandro Marcelo **Arriola Fowlker**, geboren am birthday 2003,
vertreten durch den Beistand Stadt Freiburg im Breisgau, Amt für Kinder, Jugend und Familie, Europaplatz 1, 79098 Freiburg, Gz.: 7310.709225

b Mutter:

Jacqueline Patricia **Arriola Fowlker**, geboren am birthday 1975
address Freiburg

c Festzustellender Vater:

Michael **Pokorny**, 432 East State Parkway, Suite 129
All Industrial Electric Inc., 60173 Schaumburg/Illinois, USA

Geburtsdatum und Sozialversicherungsnummer sind nicht bekannt, Alter heute ca. 70 Jahre

7 Art und Gegenstand der Rechtssache sowie gedrängte Darstellung des Sachverhaltes:

Vaterschaftsfeststellungsverfahren.
Das Kind Alejandro Marcelo Arriola Fowlker behauptet, der Beteiligte Michael Pokorny sei sein Vater.
Die Mutter und der Beteiligte Pokorny hätten in der gesetzlichen Empfängniszeit in Costa Rica miteinander geschlechtlich verkehrt.

8 Beweisaufnahme oder andere gerichtliche Handlungen, die vorgenommen werden sollen:

Entnahme einer Speichelprobe bei dem Beteiligten Michael Pokorny durch eine sachkundige Person

Dokumentation seiner Identität durch Anfertigen eines Lichtbildes seines Gesichts, durch Abnahme eines Fingerabdrucks des linken Daumens und durch Anfertigen einer Kopie seines Reisepasses oder eines anderen geeigneten Ausweisdokuments.

**III**

9 Namen und Adressen der einzuvernehmenden Personen.

Michael **Pokorny**, 432 East State Parkway, Suite 129
All Industrial Electric Inc., 60173 Schaumburg/Illinois, USA

Zwei Probenentnahmesets mit Anwendungshinweisen sind beigefügt.

10 Fragen, welche an die einzuvernehmenden Personen gerichtet werden sollen oder die Tatsachen, über die sie einvernommen werden sollen:

-

11 Urkunden oder andere Gegenstände, die geprüft werden sollen:

-

12 Antrag, die Einvernahme unter Eid oder Bekräftigung durchzuführen, und gegebenenfalls die dabei zu verwendende Formel:

-

13 Antrag eine besondere Form gem. Art. 9 einzuhalten:

-

14 Verlangte Benachrichtigung von Zeitpunkt und Ort der Erledigung des Ersuchens, Namen und Adressen der zu benachrichtigenden Personen (Art. 7):

-

15 Antrag auf Anwesenheit der ersuchenden Behörde bei der Erledigung des Ersuchens (Art. 8):

-

16 Vermerk, dass nach dem Recht des ersuchenden Staates ein Aussageverweigerungsrecht oder Aussageverbot vorgesehen ist (Art. 11 lit. b):

-

17 Gebühren und Auslagen, für welche gemäss Art. 14 Abs. 2 und Art. 26 eine Erstattung verlangt werden darf, werden bezahlt von:

**Amtsgericht Freiburg im Breisgau (Geschäftsnummer 44 F 2688/20)**

**IV**

18 Datum des Ersuchens:

**Freiburg, 22. November 2021**

19 Unterschrift und Stempel der ersuchenden Behörde

**Splittgerber**
**Richter am Amtsgericht**

AMTSGERICHT FREIBURG I. BR.



# Amtsgericht Freiburg im Breisgau
FAMILIENGERICHT

Amtsgericht Freiburg im Breisgau, Holzmarkt 2, 79098 Freiburg

Datum: 02.02.2022
Durchwahl: 0761/205-1455
Aktenzeichen: **44 F 2688/20**
(Bitte bei Antwort angeben)

Herrn
Michael Pokorny
432 East State Parkway, Suite 129, All
Industrial Electric Inc.
60173 SCHAUMBURG/ILLINOIS
USA - VEREINIGTE STAATEN

In der Familiensache
Arriola Fowlker, Alejandro
wg. Eltern-Kind-Verhältnis, Feststellung Bestehen

Sehr geehrter Herr Pokorny,

anbei erhalten Sie eine beglaubigte Abschrift der Entscheidung vom 22.11.2021 nebst Anlage.

Mit freundlichen Grüßen

Auf Anordnung

Ebe
Justizobersekretärin

Informationen zum Schutz personenbezogener Daten bei deren Verarbeitung durch die Justiz nach Artikel 13 und Artikel 14 der Europäischen Datenschutz-Grundverordnung finden sich auf der Internetseite des Gerichts unter dem Menüpunkt „Service" / „Informationen zum Datenschutz in der Justiz". Auf Wunsch übersenden wir diese Informationen auch an Verfahrensbeteiligte in Papierform.

Wenn der als nichtehelicher Vater in Anspruch genommene Mann unberechtigt die Probenentnahme zum Zwecke der Begutachtung verweigert und wegen seines Aufenthalts im Ausland eine zwangsweise Probenentnahme nicht durchführbar ist, kann er nach erfolgloser Belehrung und Fristsetzung so behandelt werden, als wäre die Begutachtung erfolgt und hätte keine schwerwiegenden Zweifel an seiner Vaterschaft begründet (Bundesgerichtshof, Urteil vom 10.02.1993, XII ZR 241/91, FamRZ 1993, 691; Bundesgerichtshof, Urteil vom 09.04.1986, IVb ZR 27/85, FamRZ 1986, 663).

Splittgerber
Richter am Amtsgericht

Beglaubigt
Freiburg im Breisgau, 02.02.2022

Ebe
Urkundsbeamtin der Geschäftsstelle
Durch maschinelle Bearbeitung beglaubigt
- ohne Unterschrift gültig

131

# Identification sheet for DNA typing

**in matters:**
**customer:**
**customer file No:**
**sample No:**
**person (relationship):**

**current photo:**

**surname:**
**first name:**
**street:**
**post code / town:**
**nationality:**
**date of birth:**
**place of birth:**
**ID/passport No:**
**place of issue:**
**issued on:**
**expiry date:**
**special characteristics:**

**fingerprint (left thumb)**

**bone marrow transplantation:** [ ] **date:**
**blood transfusion:** [ ] **date:**

I hereby confirm by my signature,
- the correctness of the information given above,
- that the samples were properly labeled in my presence,
- that I read, understood and filled out the declaration of consent.

date

Signature of the person to be examined
(in case of a minor signature of the legal representative)

The employee who takes the samples confirms with his / her signature:

- To be an impartial person to the above mentionend person.
- The identity of the person listed above was checked using the identification documents.
- The data were taken from these documents and entered in this form.
- A fingerprint was taken.
- The identity documents were photocopied.
- A photo was taken (or an up-to-date photo was received) from the person listed above and signed.
- This form was signed by the person listed above in my presence.
- The proband is known to me personally [ ]

city, date

Name and signature of the employee (stamp)

# Instruction to perform a buccal Swab

Please take two buccal swabs from each person!

**Take the tubes out of the packaging and label the vessels (name/ date of birth) first.**

Don't perform the sampling directly after eating/drinking.
If so, rinse the mouth thoroughly with water.

Take the swab out of the tube and grind it rotating at the inside of the buccal. Immediately put the swab back into the tube. Please do not put the tubes back into the plastic packaging under any circumstances.

It is necessary to handle the swabs absolutely sterile. That means that no other materials should be able to contact the swab!!
Please send the swabs ~~together with the filled consent form~~ back to us as soon as possible. Therefore you can find a padded envelope labelled with our address in your documents.

If you have any questions please don't hesitate to contact us from monday to thursday from 08:00am to 04:00pm or on friday from 08:00am to 02:30pm on +49 761 203 6866

Adress:

Universitätsklinik Freiburg
Institut für Rechtsmedizin
Forensische Molekularbiologie
Albertstr. 9
D-79104 FREIBURG i. B.

lrm.dna@uniklinik-freiburg.de

## Declaration of consent in accordance with the *Gendiagnostikgesetz* [Gene Diagnostics Act] for the performance of a molecular genetic examination of parentage

A family court has commissioned us to provide an expert opinion on parentage. We are therefore obliged under Sections 8, 9 and 17 of the Gene Diagnostics Act (GenDG) to inform you about the planned examination and your rights in connection with the ancestry test. Please read the following text carefully. Then tick any yes/no options and sign in the space provided. Please ask questions if there are any uncertainties.

**Name:** ______________________ **Case Number:** ______________

### 1) Clarification

**a) Purpose, nature, scope and informative value of the parentage report**

- The results of the examination enable a statement to be made as to whether an assumed relationship between the persons involved can be excluded or is probable according to biostatistical evaluation. As a rule, paternity is either established with a very high probability (> 99.9 %), or the man examined is definitely excluded as the father.
- The court-ordered analysis is performed solely for the purpose of parentage assessment; no analyses beyond this are performed.
- Only non-coding DNA regions are typed using PCR technology. With the exception of gender, the DNA systems examined do not allow any further conclusions to be drawn about the phenotype, personal characteristics or disease risks.
- The scope of the examination depends on the question and the valid guidelines for the provision of parentage reports.

**b) Health risks**

- There is a risk that unexpected results could cause psychological distress.
- There are no health risks associated with obtaining the genetic material in the form of buccal swab sampling.

**c) Use of the genetic sample taken from you**

- The remaining sample material will be destroyed as soon as it is no longer required for the purpose of the investigation, unless the proband has given his consent to the use of the samples for research purposes.
  A genetic sample may only be used for other purposes if this is permissible under the relevant legal provisions or if the person from whom the genetic sample originates has previously given his or her express written consent to its use after being informed of the other purposes. If consent has been given, the sample may also be stored for later review of the test result or use for research purposes.

Please decide:

I agree to the anonymized use of surplus test material for laboratory analytical quality control measures as well as scientific purposes:

☐ yes ☐ no (please mark with a cross)

**d) Use of the personal data collected from you**

The personal data we collect is required within the framework of the parentage investigation and is used exclusively for this purpose. Data and examination results are stored for 30 years in accordance with §17, § 5 GenDG. Personal data is stored and processed electronically in accordance with the European and Federal Data Protection Act. Further information on data protection can be found on our information sheet "Information on Data Protection at the Institute of Forensic Medicine of the University Medical Center Freiburg"
(https://www.uniklinik-freiburg.de/fileadmin/mediapool/08_institute/rechtsmedizin/pdf/Datenschutzinfo.pdf)

**2) Confirmation and signature**

I confirm by my signature that I am aware of

- Purpose, nature, extent and significance of the genetic examination,
- the results that can be achieved,
- potential health risks,
- and the intended use of the genetic sample and the test results.
- I agree that copies of my identity documents may be made and, if necessary, disclosed to parties involved in the proceedings.
- the applicable data protection regulations at the Institute of Forensic Medicine of the University Medical Center Freiburg was pointed out.

To the person above I am ______________________________
(Name) (to be filled in only if the signatory represents the person named above)

☐ sole custodian
☐ joint custodian with: ______________________________
☐ not entitled to custody
☐ Legal representative
☐ direct descendant

______________________________
**date, location, signature**

## Einwilligungserklärung gemäß Gendiagnostikgesetz zur Durchführung einer molekulargenetischen Untersuchung der Abstammung

Ein Familiengericht hat uns den Auftrag erteilt, ein Abstammungsgutachten zu erstatten. Wir sind daher gemäß §§ 8, 9 und 17 Gendiagnostik-Gesetz (GenDG) verpflichtet, Sie über die vorgesehene Untersuchung und Ihre Rechte im Zusammenhang mit dem Gutachten aufzuklären. Bitte lesen Sie den folgenden Text zunächst aufmerksam durch. Dann kreuzen Sie eventuelle ja/nein Optionen an und unterschreiben an der vorgesehenen Stelle. Bitte stellen Sie Fragen, wenn Unklarheiten bestehen.

**Name:** 　　　　　　　　**Aktenzeichen:**

**1) Aufklärung**

**a) Zweck, Art, Umfang und Aussagekraft des Abstammungsgutachtens**

- Die Untersuchungsergebnisse ermöglichen bei entsprechender Personenkonstellation eine Aussage darüber, ob eine angenommene Verwandtschaft zwischen den beteiligten Personen ausgeschlossen werden kann, bzw. nach biostatistischer Bewertung wahrscheinlich ist. In der Regel wird die Vaterschaft entweder mit einer sehr hohen Wahrscheinlichkeit (> 99,9 %) festgestellt, oder der untersuchte Mann wird als Vater sicher ausgeschlossen.
- Die gerichtlich beauftragte Analyse erfolgt allein zum Zweck der Abstammungsbegutachtung; darüber hinausgehende Analysen werden nicht durchgeführt.
- Mittels PCR-Technik werden ausschließlich nichtkodierende DNA-Bereiche typisiert. Die untersuchten DNA-Systeme erlauben mit Ausnahme des Geschlechts keine weiteren Rückschlüsse auf persönliche Merkmale oder Krankheitsrisiken.
- Der Untersuchungsumfang richtet sich nach der Fragestellung und den gültigen Richtlinien für die Erstattung von Abstammungsgutachten.

**b) Gesundheitliche Risiken**

- Es besteht das Risiko, dass unerwartete Resultate eine psychische Belastung zur Folge haben könnten.
- Bei der Gewinnung des genetischen Materials in Form einer Speichelprobenentnahme bestehen keine gesundheitlichen Risiken.

**c) Verwendung der bei Ihnen entnommenen genetischen Probe**

- Das restliche Probenmaterial wird vernichtet, sobald es für den Untersuchungszweck nicht mehr benötigt wird, sofern der Auftraggeber nicht das Einverständnis zur Nutzung der Proben für Forschungszwecke erteilt hat.
  Eine genetische Probe darf nur zu anderen Zwecken verwendet werden, soweit dies nach den jeweiligen gesetzlichen Bestimmungen zulässig ist oder wenn zuvor die Person, von der die genetische Probe stammt, nach Unterrichtung über die anderen Zwecke in die Verwendung ausdrücklich und schriftlichen eingewilligt hat. Bei erteilter Einwilligung kann die Probe auch für spätere Überprüfungen des Untersuchungsergebnisses oder die Verwendung zu Forschungszwecken aufbewahrt werden.

Bitte entscheiden Sie:

Der anonymisierten Verwendung von überschüssigem Untersuchungsmaterial für laboranalytische Qualitätskontrollmaßnahmen sowie wissenschaftliche Zwecke stimme ich zu:

☐ ja ☐ nein (bitte ankreuzen)

**d) Verwendung der von Ihnen erhobenen personenbezogenen Daten**

Die von uns erhobenen personenbezogenen Daten werden im Rahmen der Abstammungsuntersuchung benötigt und ausschließlich hierfür verwendet. Daten und Untersuchungsergebnisse werden gemäß §17, Abs. 5 GenDG für 30 Jahre aufbewahrt. Die personenbezogenen Daten werden gemäß Bundesdatenschutzgesetz elektronisch gespeichert und verarbeitet. Weitere Informationen zum Datenschutz finden Sie auf unserem Informationsblatt "Informationen zum Datenschutz im Institut für Rechtsmedizin des Universitätsklinikums Freiburg" ( https://www.uniklinik-freiburg.de/fileadmin/mediapool/08_institute/rechtsmedizin/pdf/Datenschutzinfo.pdf)

**2) Bestätigung und Unterschrift**

Ich bestätige durch meine Unterschrift, dass ich über

- Zweck, Art, Umfang und Aussagekraft der genetischen Untersuchung,
- die erzielbaren Ergebnisse,
- mögliche gesundheitliche Risiken,
- sowie die vorgesehene Verwendung der genetischen Probe und der Untersuchungsergebnisse aufgeklärt wurde.
- Ich bin damit einverstanden, dass Kopien meiner Identitätsdokumente angefertigt und, wenn nötig, an Verfahrensbeteiligte weitergegeben werden.
- die geltenden Datenschutzbestimmungen im Institut für Rechtsmedizin des Universitätsklinikums Freiburg hingewiesen wurde.

Zu o.g. Person bin ich ______________________________ (Name)
(nur auszufüllen, wenn der Unterzeichner die oben genannte Person vertritt)

☐ allein sorgeberechtigt
☐ gemeinsam sorgeberechtigt mit: ______________________________
☐ nicht sorgeberechtigt
☐ gesetzliche(r) Vertreter(in)
☐ direkter Nachkomme

______________________________
**Datum, Unterschrift**

# Exhibit 2

To Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re*: Request for Judicial Assistance from the Freiburg im Breisgau Court in Germany in the matter of ALEJANDRO ARRIOLA FOWLKER | ) ) ) ) | No. <br> Judge |

**[PROPOSED] COMMISSIONER'S SUBPOENA**

To: Michael Pokorny
20855 N. Pheasant Trail
Barrington, IL 60010

I, Kate Lambert, an assistant United States attorney for the Northern District of Illinois, acting under the authority of Title 28, United States Code, Section 1782, for the purpose of rendering assistance to Germany, command that you provide to me evidence for use in a civil lawsuit in the Freiburg im Breisgau Local Court in Freinburg im Breisgau, Germany, entitled In the Matter of Arriola Fowlker, Alejandro, Regarding Parent-Child Relationship, Determining Existence, Foreign Reference Number 44 F 2688/20, said evidence being: two buccal (i.e., saliva) swab samples; copies of identification documents, such as a passport or driver's license; a current photograph of your face; and a left thumb print. This evidence shall be provided to the U.S. Marshals Service at 219 South Dearborn Street, Chicago, Illinois 60604 on [DATE].

For failure to provide said evidence, you may be deemed guilty of contempt and liable to penalties under the law. The recipient of the subpoena may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with the court.

Dated this __________ day of [MONTH, YEAR].

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kate Lambert
KATE LAMBERT, Commissioner
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7635
kate.lambert@usdoj.gov